IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID M. MAGNUSON, | |
| Plaintiff, | 7:18CV5007 |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, | ORDER |
| Defendant. | |

UPRR filed a motion for summary judgment (Filing No. 31) and motions to exclude expert testimony. (Filing No. 33 & Filing No. 35). When Plaintiff's counsel did not file a timely response, the court entered an order stating "Plaintiff did not file response briefs as to Defendant's Motion for Summary Judgment (Filing No. 31 ), or Defendant's Motions in Limine (Filing Nos. 33, 35). The motions are deemed fully submitted and Defendant's factual statement is deemed admitted." (Filing No. 38). Only then did Plaintiff's counsel realize his deadline had passed. He then filed a motion to file a response. (Filing No. 39).

Plaintiff's counsel argues he failed to respond due to "excusable neglect." Plaintiff's counsel explains:

> [T]he shutdown and the resulting switch to remote operations lead to a situation in which "the left hand was unaware of what the right hand was doing". This situation resulted in the Motions not being logged in the litigation calendar. Was this neglectful – absolutely. Was it excusable, considering the unprecedented upheaval resulting from the COVID-19 shutdown both in Pennsylvania and nationwide, Plaintiff's counsel would suggest it is indeed excusable.

(Filing No. 40, at CM/ECF p. 3). Defendant objects to granting leave, arguing mere negligence—the level of culpability supported by Plaintiff's counsel's

explanation—is not the same as excusable neglect. UPRR asserts that is position is the interest of promoting the timely and orderly resolution of the over 75 toxic tort FELA cases filed by Plaintiff's counsel in the District of Nebraska.

Both parties focus on whether excusable neglect exists. But in this case, the court entered an order specifically stating that the pending motions are deemed fully submitted with UPRR's factual statement deemed admitted. Plaintiff is actually moving to reconsider or set aside that order.

"The Federal Rules of Civil Procedure 'do not mention motions for reconsideration.'" [Blake v. MJ Optical, Inc., 2016 WL 3349225, at *1 (D. Neb. June 15, 2016)](#) (quoting [Elder–Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006)](#)). However, "[t]he court typically construe[s] such a filing as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." [Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011)](#) (internal quotation omitted); see also [Basra v. Ecklund Logistics, Inc., 2017 WL 2912406, at *2 (D. Neb. July 6, 2017)](#) (treating a motion under Rule 54(b) as a "motion to reconsider" the court's ruling on partial summary judgment").

"Motions for reconsideration are disfavored." [Bd. of Regents of Univ. of Nebraska v. BASF Corp., 2008 WL 924538, at *1 (D. Neb. Apr. 3, 2008)](#). They also place a heavy burden on the party asking for the reconsideration. [Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)](#) (internal citation omitted). Motions to reconsider are proper only "to correct manifest errors of law or fact or to present newly discovered evidence." [Id.](#)

Plaintiff's counsel does not suggest that he has recently uncovered relevant evidence or that I erred when I ordered that UPRR's motions are fully submitted and its factual statements deemed admitted. His arguments

acknowledge that he missed the responsive briefing deadlines. Under this court's local rules, as to summary judgment motions, "[f]ailure to file an opposing brief alone is not considered confession of a motion," but "[p]roperly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." NECivR 56.1(b). My filing 38 text order is fully supported by the local rules of this court and was not erroneous.

Moreover, the excusable neglect argument advanced by Plaintiff's counsel is weak. He argues the pandemic is to blame; that the response deadlines for UPRR's motions were not calendared because on March 19, 2020, the Governor of Pennsylvania ordered a shutdown of all nonessential businesses due to the COVID-19 epidemic, and his firm was not prepared for the communication and calendaring demands of remote work. But according to this court's records, between March 19 and the date his motion responses were due, Plaintiff's counsel made 21 filings in this court, including responses to dispositive and Daubert motions in five other cases,[1] a request for transcript for an appeal,[2] a response to a bill of costs,[3] motions for additional time to respond to dispositive motions in three cases,[4] a notice of case dismissal,[5] a suggestion of death,[6] and an amended complaint.[5] Plaintiff's firm was fully operational when Defendant's motions were filed, and Plaintiff's responses were due. In addition, this is at least the third case where Plaintiff's counsel overlooked the deadline for responding to

---

[1] See, 8:18-cv-00059-JFB-CRZ Ranney v. Union Pacific Railroad Company; 7:18-cv-05010-CRZ Anderson v. Union Pacific Railroad Company; 8:18-cv-00385-CRZ O'Neill v. Union Pacific Railroad Company; 8:18-cv-00407-JFB-CRZ Edgett v. Union Pacific Railroad Company; 8:18-cv-00577-JFB-CRZ Greger v. Union Pacific Railroad Company
[2] See, 4:18-cv-03047-JMG-SMB McLaughlin v. BNSF Railway Company
[3] See, 8:18-cv-00036-CRZ Byrd v. Union Pacific Railroad Co.
[4] See, 8:18-cv-00385 CRZ O'Neill v. Union Pacific Railroad Company; 8:18-cv-00062-CRZ Hernandez v. Union Pacific Railroad Company; 8:17-cv-00491- JMG-CRZ Bettisworth v. BNSF Railway Company
[5] See, 8:18-cv-00597- JFB-CRZ Rhone v. Union Pacific Railroad Company
[6] See, 8:18-cv-00053- JFB-CRZ Thompson v. Union Pacific Railroad Company

dispositive motions, the other two predating the Covid-19 pandemic. See, 8:18-cv-00056-JFB-CRZ Sands v. Union Pacific Railroad Company; 8:18-cv-00057-JFB-CRZ Langrell v. Union Pacific Railroad Company. Simply stated, I am not convinced the pandemic explains Plaintiff's counsel's failure to timely respond to UPRR's pending motions.

Despite the foregoing, in the interest of deciding this case on a fully developed record,

IT IS ORDERED:

1) Plaintiff's motion to file a response, ([Filing No. 39](#)), is granted.

2) Plaintiff's response to Defendant's pending motions shall be filed on or before August 13, 2020. No continuances will be granted.

Dated this 3rd day of August, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge