IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID M. MAGNUSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNION　　PACIFIC　　RAILROAD COMPANY,<br><br>　　　　　Defendant. | **7:18CV5007**<br><br>**ORDER TO STAY** |
| DEVERON DAWES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNION　　PACIFIC　　RAILROAD COMPANY,<br><br>　　　　　Defendant. | **8:18CV389** |
| JOHN GROFF,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNION　　PACIFIC　　RAILROAD COMPANY,<br><br>　　　　　Defendant. | **8:18CV415** |

In each of the above-captioned cases, Defendant has moved for a ruling that the opinions of Plaintiffs' medical expert, Dr. Ernest Chiodo, as to general and specific causation are unreliable and inadmissible under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). If Dr. Chiodo is not permitted to testify, Plaintiff will be unable to prove medical causation and Defendant's summary judgment motions will be granted in each case.

Every court has the inherent power to stay proceedings to control the disposition of the cases on its docket and thereby economize time and effort for itself, for counsel, and for litigants. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). As explained below, upon review of the pending motions and the facts presented, the undersigned magistrate judge concludes the above-captioned cases should be stayed.

The outcomes of the Daubert motions pending in the above-captioned cases rely on fundamental factual/legal issues as to the admissibility of expert testimony where the Plaintiff alleges exposure to hazardous substances while working for the railroad caused or contributed to Plaintiff's cancer. Specifically, the court must decide the interplay between the relaxed liability and causation standards of the Federal Employer's Liability Act, 45 U.S.C. § 51, and the reliability standards of Daubert where Plaintiff's medical expert opines as to general causation, and then as to specific causation based upon a differential diagnosis. While there are factual nuances in the cases, the same arguments and case law are repeatedly raised by both sides. And the expert analysis and reports are so similar that Dr. Chiodo occasionally fails to replace Plaintiff's name from one report to the next. See, e.g., Groff v. UPRR, Case No. 18CV415, (Filing No. 33-4 at CM/ECF p. 3) (Dr. Chiodo's outlined "understanding of the facts" reads "John Groff . . . was employed as a trackman. Mr. Jacobson [sic] did have a history of smoking."). The undersigned magistrate judge has rejected Plaintiffs'

nearly identical arguments in 8:18-cv-00058, Harder v. UPRR; 8:17-cv-00036, West v. UPRR; 8:18-cv-00036, Byrd v. UPRR; and 8:18-cv-00062, Hernandez v. UPRR, and each of those cases is pending appeal.

Irrespective of whether the Eighth Circuit reverses or affirms, in whole or in part, my prior decisions, the appellate reasoning will guide my further analysis of the above-captioned cases.

Moreover, based on past practice, if judgment is entered in the above-captioned cases, the losing party will no doubt appeal. With that, the parties will incur additional litigation costs and delay in obtaining a final resolution. More specifically, if I issue judgments against the plaintiffs in the above-captioned cases now, the cases are appealed, and I am affirmed by the Eighth Circuit on the previously appealed cases, the plaintiff will likely have appealed for no good reason. In the meantime, the Eighth Circuit will be saddled with three additional cases for appellate review of the same issues, and the parties and counsel will have incurred the efforts and costs of preparing, filing, and arguing the appeal. However, if I stay the above-captioned cases now and the Eighth Circuit affirms my prior rulings, the plaintiffs may choose to avoid the cost and expense of appeal. If I stay the above-captioned cases and am reversed on the previously appealed cases, the parties can immediately regroup and decide how to resolve both the reversed cases and the above-captioned cases; that is, whether they wish to settle or go to trial. The parties would not have to await the Eighth Circuit's reversal of the above-captioned cases before setting a trial date.

Finally, if I deny the railroad's summary judgment motions and set the above-captioned cases for trial, due to the pandemic and its physical distancing limitations on concurrent jury trials, along with the number of toxic tort cases counsel herein must already try in this forum, the trial settings would no doubt be

delayed many months—to a date potentially after the Circuit rules on the previously appealed cases.

Simply stated, staying the above-captioned cases will promote a just and fair resolution of the cases; it will likely not delay—and may actually accelerate—their final resolution; and it will relieve the congestion on the district and appellate court dockets while limiting the time and effort expended by the court, counsel, and the parties. Upon concerted reflection, the undersigned magistrate will stay the above-captioned cases pending the outcome of the appeals in 8:18-cv-00058, Harder v. UPRR; 8:17-cv-00036, West v. UPRR; 8:18-cv-00036, Byrd v. UPRR; and 8:18-cv-00062, Hernandez v. UPRR.

Accordingly,

IT IS ORDERED:

1) The above-captioned cases and all deadlines and settings therein are stayed pending further order of the court.

2) Any motion to reconsider this *sua sponte* ruling must be filed on or before November 9, 2020.

3) The clerk shall set an internal case management deadline of January 29, 2021 to check on the status of the appellate process in 8:18-cv-00058, Harder v. UPRR; 8:17-cv-00036, West v. UPRR; 8:18-cv-00036, Byrd v. UPRR; and 8:18-cv-00062, Hernandez v. UPRR.

Dated this 26th day of October, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge